**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**
               Case No. 5:01cr15-RH
               Case No. 5:04cv249-RH/WCS

**RAYMOND E. DAVIS,**

  **Defendant.**

_____/

### ORDER ON MOTION FOR RECONSIDERATION AND DEFAULT

  Defendant has filed a motion (doc. 65), seeking reconsideration of the court's order (doc. 64) denying his previous motion (doc. 63) for default judgment against the Government.  Defendant asserts that he has never received any court order granting the Government's request for additional time.  Doc. 65, p. 1.  He challenges the court's assertion that default is inappropriate in this 28 U.S.C. § 2255 proceeding.  *Id.*, pp. 1-2.  Defendant contends that, as a matter of equal protection, the court should have at least required the Government to show cause and prejudice for its default.  *Id.*, p. 2.

  Defendant apparently received the Government's motion for leave to file response out of time (since he asserts it was filed after the time had elapsed), and presumably received the response which was filed at the same time.  Docs. 60 and 61.

A copy of the order granting the motion to file response out of time – which also gave Defendant until September 9, 2005, to reply – will be forwarded to Defendant. Doc. 62. Since Defendant clams that he did not receive the order, this order allows additional time for filing a reply, if Defendant wishes to file one. He is not required to file a reply.

As to default, even in civil cases "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. Rule 55(e). As previously noted, default is particularly inappropriate in this proceeding. *See* Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (default judgment not contemplated in habeas corpus cases, citations omitted); Goodman v. Keohane, 663 F.2d 1044, 1047, n. 4 (11th Cir. 1981) (Government's tardiness did not entitle petitioner to § 2241 relief); Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir.1994) (default is a sanction, and in habeas cases the sanction is disproportionate to the failure to timely seek additional time) (citing Aziz, other citations omitted); Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.), *cert. denied,* 469 U.S. 874 (1984) (if courts entered default judgments in habeas corpus, "it would not be the defaulting party but the public at large that would be made to suffer . . . "). Further, Defendant's claim that the Government must show cause and prejudice for its default confuses the default sought here (under the civil rules) with the doctrine of procedural default, which is applicable to claims raised on collateral review under § 2255. *See, e.g.*, United States v. Frady, 456 U.S. 152, 165-167, 102 S.Ct. 1584, 1593-94, 71 L.Ed.2d 816 (1982) (a § 2255 motion is not reviewed under the standard used for direct appeal; to obtain collateral review of a claim not preserved at trial or on appeal, a defendant must show cause for the default and actual prejudice).

Case Nos. 5:01cr15-RH and 5:04cv249-RH/WCS

Defendant's request for reconsideration is therefore denied. Defendant has ten days from service of this order in which to file objections to the district judge. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1).

Accordingly, it is **ORDERED**:

1. Defendant's motion for reconsideration (doc. 65) is **DENIED**.

2. The clerk shall forward a copy of doc. 62 to Defendant with this order.

3. Defendant may file a reply to the Government's response, if desired, no later than **October 20, 2005**.

**DONE AND ORDERED** on September 20, 2005.

    S/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**